Our fifth case for this morning is United States against Edgeworth. Ms. Russinova. Thank you, Your Honors. May it please the Court. My name is Victoria Russinova, and with Daniela Peinado, we represent the appellant, Mr. Alvin Edgeworth, under the supervision of Mr. Robert Palmer. We request that this Court reverse the lower court for two reasons. First, Mr. Edgeworth's right to due process was violated when his motion to suppress was denied without an evidentiary hearing. Second, Mr. Edgeworth's right to an impartial jury was violated when the district court ceded and retained Juris Sedaris. I will argue the motion to suppress point, and Ms. Peinado will address the juror issue. On a motion to suppress a confession, under United States v. Kerlin and United States v. McGaughy, a defendant is entitled to an evidentiary hearing if his motion indicates a dispute as to material fact that is definite, specific, and non-conjectural. So can we just stop there? I mean, because he does assert more vaguely, you know, that there was a physical assault, and he asserts more vaguely that he's told if he doesn't cooperate, he'll go to prison for a long time. But I can't figure out, and I don't think the district court could figure out, you know, what we were really talking about with the physical assault once he was in custody. You know, was it an assault? Did he just get shoved into the interrogation room? Did somebody beat him up? I mean, I feel like there'd be some evidence, so some context to make you think that there's something that you've got to look into. And I would say the same thing. Police officers very frequently are not experts on the U.S. sentencing guidelines, and they might say, you know, if you cooperate, life will be better for you, or they might put it the other way around. They might say if you don't cooperate, you're likely to face a longer prison term. Whether it's true for Mr. Edgeworth or not, to one side, in general, those are true statements. So where do we have the detail that would make this an abuse of discretion for the district court not to hold the hearing? Your Honor, while the additional facts as to what the abuse was and exactly what the statement was would have been helpful in Mr. Edgeworth's motion to suppress, they were not necessary here because an evidentiary hearing is exactly what is needed in order to adduce those facts. But there are facts, at least particularly as to the assault, there are facts that he knows about. This is his own experience that we're trying to get a little bit more information about. So he surely, I don't see any indication that they knocked him out at any point. He knows at what stage in the process he thinks undue force was being applied, right? Why wouldn't he know that? Yes, Your Honor, he would know that. And he asserts that force was applied once he was taken into custody and before he was interrogated. Now, exactly what the force was, he does not allege, or exactly what the statement was, he does not specifically say. And that may be the problem. Yes, Your Honor, that may be a problem, but the district court here abused its discretion by not inquiring further into what that abuse was and what those statements were. The district court judge could not have properly exercised his discretion because he simply didn't have enough information to make an adequate ruling on this motion to suppress. A district court judge must inquire further. So whose burden, though, is it? Surely he has some burden to give the district judge enough basic information within his purview to make an intelligent decision. It sounds like you think that the district judge really himself had to take over and probe for a while  Yes, Your Honor, it would be in the purview of the district court to inquire further because in this scenario, Mr. Edgeworth specifies Well, let us suppose the district court is permitted to inquire further. Is there some statute, rule, or decision that obliges him to inquire further? No, Your Honor, it is within the district court's discretion. Well, but then you have an almost insuperable problem on appeal. Why was it an abuse of discretion just to rely on what the defendant himself had said or, more accurately, not said? Your Honor, it was an abuse of discretion because the defendant is entitled to an evidentiary hearing if the facts he asserts No, the defendant is entitled to an evidentiary hearing to resolve disputed issues of material fact. Yes, Your Honor. And the initial question is whether there are disputed issues of material fact. And that's the problem. There don't appear to be any issues of fact. The motion was pretty much fact-free. Your Honor We come back to the question of burden. Why doesn't the defendant have the duty to show that there are disputed issues of material fact? Then you hold a hearing. Respectfully, Your Honor, the defendant here did show that there was a disputed issue of material fact by alleging that his motion, that his confession was coerced both physically and psychologically. If Your Honors have no further questions, I'd like to turn it over to Ms. Peinado to address the juror issue. That's fine. Ms. Peinado May it please the Court, my name is Daniela Peinado and I will discuss the juror issue. All right, so the big issue and the juror issue, frankly, is when all was said and done after she wrote the letter to the Court, Mr. Edgeworth's lawyer says that the defense has no objection to the way the district court chose to handle it. So why aren't we staring in the face of waiver here? Yes, Your Honor, it is our position that the issue was forfeited, not waived, because it was not an intentional relinquishment or abandonment of the right. How can you, you know, it's pretty clear, I'm not going to find that page right now, but he says, yes, that's fine with us, you know, or words to that effect. Yes, Your Honor. And they all know that they're talking about the... On page 412 to 413 of the transcript, the Court said that it was the Court's decision. It was not a decision by either party. And even if the second issue, it is our position that the first issue also independently was plain error and would also require reversal. Okay, you can continue. There was plain error with respect to the first issue because there was inadequate voir dire. The district court has a duty to be vigilant, to ask follow-up questions, and this affected the defendant's substantial rights because the defense was unable to detect juror bias and to intelligently use their peremptory challenges. What evidence is there of bias on her part other than this was inconvenient for her return to school? Yes, Your Honor. It is our position that there was prejudice against the defendant because the juror did not want to be there. But a lot of jurors have other... As the judge pointed out, most people have a life, you know, and jury duty disrupts that. And the judge was reluctant to say just because it's somewhat inconvenient for you, all of a sudden you're either not going to be seated to begin with or, particularly in the middle of the trial, you're not going to continue. Yes, Your Honor. To elaborate, there are two reasons why her unwillingness to be there was problematic. First, as in Olano, it probably had a chilling effect on the jury. But you're guessing because, I mean, there is no voir dire or any evidence to show that it had such an effect, is there? Yes, Your Honor. We are drawing two inferences from the fact that she wanted to leave Thursday, January 12th, and they entered into deliberations on that same day. It ended in less than two hours. So not only did she probably have a chilling effect, the fact that she wanted to leave, but also the... Of course, there are other reasons why it may have been two hours. I mean, the jury just may have thought there was a lot of evidence of guilt. Also the fact that so few cases result in hung juries. There's probably a functional prosecutorial bias if a juror is that committed to leaving. Additionally, the fact that she was unwilling to follow the judge's instructions by the fact that she did not ask whether she could leave. She told the judge that she wanted to leave. But then she acquiesced when he said actually no, right? Yes, Your Honor. She did acquiesce, but it's our position that the judge should not administer an oath to a juror who seems so unwilling to follow through because he not only excused all students, but he also excused people who he said their mind would not be on the case. If Your Honors have no further questions, I'd like to reserve this right now. Tiny bit, yes. Thank you very much. Thank you. Mr. Daniel? May it please the Court. This Court should affirm the District Court's judgment and sentence in this case because the District Court did not abuse its discretion in denying the defendant's motion to suppress without a hearing. As has been discussed, the defendant has to put something at issue, has to make a prima facie showing of some illegality, and it has to be more than vague and conclusory. There's no magic formula to it, but there has to be some variation on the who, what, when, where, or why. And here there was just no factual information that would lead the Court to determine that there was a disputed issue that needed to be decided by an evidentiary hearing. Mr. Edgeworth? What do you think more was needed than that I was abused? Your Honor, the I was abused is the conclusion. What Mr. Edgeworth had was he can identify, if not the officer, the type of officer, the location where it happened, whether it happened on the subway platform or in the officers removing him from the subway train tracks up to the platform or in the car ride over to the FBI facility. He could have identified what was done, whether he was punched or kicked or pushed. More information from which the District Court could determine whether there was some showing made of some genuine issue that needed to be decided through an evidentiary hearing. None of that was made. Rather, you just have the statements that I was physically coerced and that I was mentally coerced, and that's simply not enough for the defendant to meet his burden. Those are not specific, non-conjectual, definite assertions that would warrant a hearing. And without that, the District Court properly denied the defendant's motion to suppress. Importantly here, the defendant had opportunities to provide that information. The government filed its brief and noted that the defendant did not provide those types of factual allegations. The defendant did not file a reply brief. At the motion hearing on the defendant's motion to suppress, the government stated its position, and the District Court then asked the defendant whether he had anything more to say. The defendant's lawyer said no, and he rested on the allegations in the brief, and those allegations consisted simply of that officers physically coerced him, that officers physically assaulted him, and that officers made statements. There were, again, no factual assertions leading up to those conclusions that he contained from which the District Court could assess whether there was anything to, any substance, whether there was a substantial claim made, which is what the District Court must decide when determining whether an evidentiary hearing is necessary. Now the likelihood that cooperation was going to lead to a lower sentence in his particular case was minimal at best, given that there were mandatory minimums that applied to the firearms offense, and there is some law to say that leading a defendant to think that he's going to get lenience when, as a matter of fact, that's just not within the structure of the law, is improper. That's correct, Your Honor. The case law does indicate that. Here we don't have any information as to what the sentence was or what the statement made to the defendant was, and as noted at the time, the defendant had been charged with robbing a bank while brandishing a weapon, and that brandishing count does carry a seven-year mandatory minimum sentence. However, no charges were filed at the time. That was just, those were the facts that the officers, the law enforcement officers had before them, and so it's a true statement in the sense that the offense that the defendant had been alleged or the officers arrested him for did carry significant penalties. But again, there's no... But not something that was, that cooperation was likely to ameliorate, right? I mean, they couldn't do anything about the seven-year mandatory minimum. At that time, no charges had been brought, and so in theory it could have. In all likelihood, probably not, Your Honor. That's what troubles me. In all likelihood, I agree with you, it probably would not have done anything. So at some point, surely we crossed the line from at least somewhat plausible promises that there may be benefits to one course of action to just out-and-out false or inaccurate statements, and we've agreed that false or inaccurate statements can be an impermissible form of coercion. That's just looking at one of the charges that were eventually brought, which would be the 924C, but there would still remain discretion with respect to the bank robbery count in that that would be subject to the advisory guidelines range and the party's arguments with respect to whether he cooperated or whether he admitted, in which case that portion of the sentence, he could still qualify for the acceptance of responsibility or something like that. So again, technically still true in that the three points off would have affected the advisory portion of the sentence for the bank robbery violation. Stepping back from that, there's still no indication as to what statements were made, and without that type of information, it's impossible for the district court to determine whether defendants presented any type of claim that warrants an evidentiary hearing. With respect to the juror issue, Your Honor. Were these Chicago police officers doing this interrogation? Was he at the FBI? No, Your Honor. It was FBI officers and Chicago police officers who made the arrest. There was a chase through downtown Chicago down to the Soviet platform. On the red line, yes, I remember. Did they turn the electricity off when they had those chases? I worried about everybody. One officer did have the power cut to that third rail, so there was no train stop and there was no harm to the officers or to the defendant once that was done. And then FBI officers conducted the interview. So it's the FBI doing the interrogation? Yes, and that was done in an FBI facility and was videotaped. With respect to the juror issue, Your Honor, it is a waiver issue. The statement by defense counsel was, I'm in agreement with the government, Your Honor. I think she should stay. That's a clear waiver. That's a clear acceptance of the court's decision. And when the jurors came out, the district court, indicating that it was the court's decision, was actually a way to shield the parties from any bias so that the juror understood that the decision rests with the court and not the parties. With respect to the issue of who was excused, the government actually made a challenge, a challenge for cause to a student earlier in the voir dire who said he had to return to school, and the district court explained no. Notably, the defendant did not agree with that challenge to the juror, and the district court eventually denied, and that's where the district court explained that individuals have various reasons where they might not want to serve jury duty, but nonetheless it's important that they do. The decisions or the individuals who the district court judge did strike for cause were individuals who had some type of medical concern where the concern, at least expressed by the district court, was whether the individuals would be able to focus on the material or the trial at hand. But nonetheless, it's a waived issue, and we don't get to the sufficiency of the voir dire, but nonetheless, the district court did its job with respect to ferreting out any potential bias on part of the jurors, and by the time that the district court solicited any challenges for cause, the defendant knew that Juror Sedaris was intended to return to school on Thursday and that had all the information necessary to make either a cause challenge or a free challenge, but chose not to do so. And for those reasons, unless there are any further questions, the government asks that this court affirm the district court's decision and sentence. Thank you. All right. Thank you very much. I'll round it up to a minute, Ms. Pinauto. Let me just speak quickly. Thank you, Your Honor. Two quick points on rebuttal. First, the government asserts that the motion to suppress did not allege any facts that were specific enough or that were non-conclusory. The government states that Mr. Edgeworth didn't say who committed the coercion or where it happened or when, but in fact in Mr. Edgeworth's motion to suppress, he asserts that law enforcement officials placed him in custody and began their interrogation, and that is when he was assaulted. So in this case, Mr. Edgeworth does in fact assert where the coercion happened in the FBI facility, who committed it, the officers who were interrogating it, and when it happened right prior to his interrogation. Knowing those facts, the district court should have conducted an evidentiary hearing to determine the validity of Mr. Edgeworth's allegations. With respect to the juror issue, Your Honor, the district court simply did not take the steps necessary to inform themselves and counsel of Ms. Sedaris' probable reasons for needing to be excused. Ms. Sedaris had undue hardship, and the district court should have inquired further during board year and should have allowed Ms. Sedaris to be excused when she gave the note on Thursday. For those reasons, we request that this court reverse. Thank you. All right, thank you very much, and we appreciate the assistance of your clinic. Thank you as well. Thanks to the government. We'll take the case under advisement.